PRESTON RAINWATER, Plaintiff

v.

M/V SEA ENCOUNTER, her engines, tackle,
equipment and appurtenances in rem, Defendant.

High Court of American Samoa
Trial Division

CA. NO. 96-84

October 30, 1986

Before REES, Chief Justice.

Counsel:   For the Plaintiff, Frank Swett
           For the Defendant, John Ward

The procedural history of this case, so much more voluminous and colorful than might have been suggested by its modest origins, should be of some comfort to those who fear that our society has lost the Dickensian appreciation of litigation as a thing to be done for its own sake. And it may not be over yet.

Preston Rainwater is or was a helicopter pilot who in 1984 attempted to sue the Sea Encounter, a purse seiner which he alleged had engaged him in the search for tunafish and owed him $8,589.76 for his services. His attorney served a summons on the ship's captain's brother on board the ship. Some

months later, there having been no answer, the attorney procured a clerk's default judgment (a procedure then permitted under our rules) for the principal amount plus costs. By then the ship was at sea, and efforts to collect on the judgment were unavailing. In July of 1986, however, the Sea Encounter returned to Pago Pago Harbor and Mr. Rainwater's attorney caused police officers to go aboard and seize the ship's motorboat.

After seizing the boat Mr. Rainwater's agents determined that it might not be worth the amount of the judgment. They went aboard again in order to seize the ship's skiff. The Sea Encounter then retained an attorney, who posted a bond in order to secure the release of the ship and its accessories. The attorney also filed a motion to set aside the default judgment on the ground that the vessel had never been properly served with process.

At the hearing it appeared to the Court that this motion must be granted, since our rules provide that a vessel be served not with a summons but by a warrant for the arrest of the vessel. TCRCP Special Provisions, Actions in Rem, Rule C. Rainwater's attorney, however, believed he could find some authority for the validity of the service. The Court announced that if no persuasive authority to that effect were found by 4:00 p.m. on the following day, judgment would be set aside and the case dismissed for want of jurisdiction.

At this point it gets complicated. At 3:40 p.m. on the appointed day Mr. Rainwater's lawyer, instead of coming forward with authority to sustain the earlier service, filed a new complaint along with the documents necessary to arrest the vessel. Learning of this development, the Chief Justice thereupon set aside the earlier judgment and dismissed the original complaint for want of jurisdiction. This action was taken at 4:00 p.m.

Defendant now moves to dismiss the case on several grounds, one of which has entirely to do with the timing of the Chief Justice's dismissal of the original complaint. Since the new complaint and other documents were filed at 3:40 p.m., the Chief Justice's signature twenty minutes later on an order saying "case dismissed for want of jurisdiction" is said to have had the effect of dismissing not only the first complaint but also the second one.

We reject this argument. The first complaint was dismissed on the sole ground that service was not properly effected. A dismissal for want of jurisdiction is always without prejudice to the right of plaintiff to bring the action again if jurisdiction can be obtained. That plaintiff did this at 3:40 rather than at 4:01, and that the clerk happened to give the second complaint the same docket number as the first rather than to designate it a new action, should not preclude the plaintiff from exercising his legal right.

Defendant also moves to dismiss on the ground that the High Court of American Samoa has no in rem admiralty jurisdiction at all. This, he argues, is because 28 U.S.C. § 1333 provides that the district courts of the United States "shall have original jurisdiction, exclusive of the courts of the states," of in rem admiralty actions. Since this Court's Appellate Division held last term in Star-Kist v. The M/V Conquest, App. No. 13-85, that the Ship Mortgage Act of 1920 does not bestow jurisdiction on the High Court of American Samoa, the defendant argues that the general admiralty jurisdiction statute should be similarly construed.

This case and most other in rem admiralty actions are, however, easily distinguishable from actions under the Ship Mortgage Act. The key language in that statute provides that "original jurisdiction is granted to the district courts of the United States exclusively." 46 U.S.C. § 951. The High Court of American Samoa is not a United States district court, but neither is it a court "of the states" within the meaning of 28 U.S.C. § 1333. Moreover, the Ship Mortgage Act provision bestowed jurisdiction on a class of courts, whereas the general admiralty statute denies jurisdiction to courts that would otherwise have it. The appellate division's decision not to analogize the High Court of American Samoa into the former class hardly supports the argument that the High Court should be analogized into a "state court" in the latter case. It is also worth noting that in Conquest the Appellate Division expressed serious doubts about whether its opinion was in accordance with the intent of Congress, but felt compelled by what it regarded as the clear (albeit possibly accidental) language of the Ship Mortgage Act. In this case there is no such language. Rather, 28 U.S.C. § 1333 said nothing at all about the situation in American Samoa, which has neither state courts nor a federal district court, and left us exactly as we would have been in its absence.

89

The jurisdiction of the High Court over admiralty suits in rem is expressly granted by A.S.C.A. § 3.0208(a)(3), and has been held consistent with federal law by the only federal court ever to have addressed the question. Meaamaile v. American Samoa, 550 F. Supp. 1227 (D. Hawaii 1982). If the logic of the Conquest case really did require us to declare a statute enacted by the Fono unconstitutional and a federal court decision erroneous on the ground of a conflict with federal law as speculative as that advanced by counsel, it would be a better argument for the reconsideration of Conquest than for its extension.

We note also the interesting argument that the High Court has no jurisdiction because Mr. Rainwater is not himself in the territory. He has appeared through his attorney, which is the way in which courts generally secure jurisdiction over plaintiffs.

Finally, however, defendant has submitted evidence that the partnership owning the Sea Encounter has filed for Chapter 11 Bankruptcy, apparently in the Southern District of California. 11 U.S.C. § 362(a) provides that such a filing automatically operates "as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor . . . ." We are unpersuaded by the plaintiff's argument that this statute does not apply to the High Court of American Samoa; even if proceedings in this Court were not "judicial" within the meaning of the statute, then they would presumably be "administrative" and subject to the automatic stay.

If jurisdiction over the Sea Encounter had been obtained prior to the institution of Chapter 11 proceedings, their effect would be merely to stay this action rather than to require its dismissal. (We note the apparently contrary conclusion of the Fifth Circuit in United States v. Barnes, 761 F.2d 1026 (5th Cir. 1983), but are unable to reconcile this holding with the detailed provisions of 11 U.S.C. § 362(d)-(g), which allow the Chapter 11 court to grant relief from the stay so that the automatically halted proceedings can go forward. If, as the Fifth Circuit believed, the stay deprives courts of jurisdiction, then the halted proceedings could not go forward after the stay was lifted.) In this case, however, the ship

was not arrested until after the Chapter 11 petition had been filed. The automatic stay provision does not purport to depend upon the knowledge of other litigants that the Chapter 11 petition has been filed. Since the stay was already in effect at the time the ship was arrested in this case, this Court never obtained jurisdiction over the Sea Encounter.

We note that plaintiff is entitled to proceed in personam against the other defendants named in the caption of the complaint. Since the complaint states no facts suggesting that any of them may be personally liable for the debt, however, the complaint against them is dismissed without prejudice for failure to state a claim on which relief can be granted.

Complaint against defendant M/V Sea Encounter dismissed for want of jurisdiction. Complaint against other defendants dismissed for failure to state a claim upon which relief can be granted.